# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAEL ISSA KAMAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEITH T. KROLCZYK, QUAN VUONG, JOHN UNDERWOOD, SHELLEY ANSELMI, SCOTT LAMBERT, JOHN DEPASQUALE, UNITED STATES OF AMERICA, COUNTY OF KERN, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CV-F-07-00340 AWI-TAG<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION |

This case comes before this Court on Defendant United States of America's (the "Government") motion to dismiss the second cause of action in the complaint of Plaintiff Mikhael Issa Kamar ("Kamar") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons stated herein, the motion to dismiss the second cause of action as to the Government is granted.[1]

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On February 28, 2007, Kamar filed a complaint pursuant to 42 U.S.C. § 1983 against a

---

[1] This Court does not address the complaint's second cause of action as to the County of Kern, which is also named as a defendant.

number of agents employed by the federal Bureau of Alcohol, Tobacco and Firearms, as well as against law enforcement officers employed by the Kern County Sheriff's Department for allegedly unlawful searches of his business and seizures of his property violation of the Fourth Amendment.  Plaintiff alleges that the searches were conducted pursuant to two unlawful search warrants, which included faulty or incomplete information, and that the agents involved "intentionally omitted important facts, concocted false statements, [and] presented a patently defective warrant and affidavit to the federal magistrate, knowing that it lacked probable cause."  Complaint ¶ 33.  According to Plaintiff, a federal district court later found that one of the search warrants was issued without probable cause and illegally overbroad.  Complaint ¶ 24.  Kamar's complaint also named as Defendants the United States of America (the "Government") and the County of Kern for alleged violations of his constitutional rights.  Plaintiff alleges that the Government "knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain[s] and permit[s] an official policy and custom" of "the deliberately indifferent training of its law enforcement officers in securing and executing warrants," and that the Government's alleged "conduct in ratifying the actions herein establish[es] a policy and practice of violating constitutional rights."  Complaint ¶ ¶ 47, 48.  Plaintiff further alleges that the Government failed to investigate, preserve Plaintiff's rights, or discipline its agents involved in the searches and seizures.

      The Government moved to dismiss Kamar's complaint on July 23, 2007, for lack of subject matter jurisdiction.  Kamar did not file an opposition to the Government's motion.  On August 21, 2007, this Court issued an order taking the Government's motion under submission.

## LEGAL STANDARD

      Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction and that limits upon federal jurisdiction must not be disregarded or evaded.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The plaintiff has the

Case 1:07-cv-00340-AWI-TAG   Document 17   Filed 08/30/07   Page 3 of 5

burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 114 S. Ct. 1673, 1675 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for this court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant mounts a facial, rather than factual challenge to jurisdiction, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979).

## DISCUSSION

Plaintiff bears the burden of establishing subject matter jurisdiction but, as noted above, Plaintiff did not file an opposition to the Government's motion. Accordingly, the Court examines the allegations in Plaintiff's complaint. Plaintiff's claim is based on an alleged violation of his constitutional rights under the Fourth Amendment. The complaint appears to premise its claim against the Government solely upon the principles set forth in *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978). *See* Complaint ¶ 48. The Government argues that Plaintiff's claim against it must be dismissed for lack of subject matter jurisdiction because it has not waived its sovereign immunity for constitutional tort claims, and because *Monell* is applicable only to local governments.[2]

The Court agrees with the Government's argument. The United States, as sovereign, is immune from suit save as it consents to be sued. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). The existence of such consent is a prerequisite for this Court's subject matter jurisdiction. *See U.S. v. Mitchell*, 463 U.S. 206, 212 (1983), citing *Sherwood*, 312 U.S. at 586; *see also Baker v.*

---

[2] This Court calls attention to Rule 36-3 of the Ninth Circuit Local Rules which provides that unpublished Ninth Circuit dispositions and orders may not be cited to the courts of the Ninth Circuit unless they were issued on or after January 1, 2007. The Government's brief improperly cited to a number of pre-2007 unpublished Ninth Circuit cases in support of its motion, none of which met any of the exceptions delineated in Rule 36-3(c). Accordingly, the Court will not consider these unpublished cases in its disposition of the instant motion.

3

*U.S.,* 817 F.2d 560, 562 (9th Cir. 1987) ("Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction.").

As the Government notes, the United States has waived its sovereign immunity for certain common law torts in the Federal Tort Claims Act, 28 U.S.C. § 1346(b), but it has not waived its sovereign immunity for constitutional torts. The Federal Tort Claims Act ("FTCA") renders the United States liable for damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

The Supreme Court has held that a federal constitutional claim cannot be the basis of a tort claim against the United States under the FTCA. *See FDIC v. Meyer*, 510 U.S. 471 (1994). Thus, the United States has not rendered itself liable for constitutional tort claims. *See Cato v. U.S.,* 70 F.3d 1103, 1110 -1111 (9th Cir. 1995), citing *Meyer*, 510 U.S. 471. Kamar's claim against the Government is premised on a constitutional tort, violation of the Fourth Amendment, and therefore barred by sovereign immunity.

Nor does *Monell* create an exception to the Government's sovereign immunity for constitutional tort claims. *Monell*, which held that municipalities may be held liable for constitutional violations, applies only to local governments. *See Monell*, 436 U.S. at 691 n.54 ("Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes."). Subsequent Supreme Court decisions have reaffirmed that *Monell* did not vitiate the federal government's sovereign immunity for constitutional tort claims. *See*, *e.g.*, *Bogan v. Scott-Harris*, 523 U.S. 44, 53 (1998) ("Municipalities themselves can be held liable for constitutional violations, whereas States and the Federal Government are often protected by sovereign immunity."). In short, *Monell* does not

apply to claims against the federal government, and this Court does not have subject matter jurisdiction over Kamar's claim against the Government.

A complaint alleging a constitutional violation against the United States may be dismissed with prejudice where the defects in the complaint cannot be cured. *See Cato*, 70 F.3d at 1111. Kamar's complaint is not curable and therefore his claim against the Government is dismissed with prejudice.

## CONCLUSION AND ORDER

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that defendant United States of America's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Plaintiff's second cause of action as to defendant United States of America is dismissed with prejudice.

IT IS SO ORDERED.

**Dated:   August 29, 2007**                             /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE