IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAEL ISSA KAMAR,<br><br>            Plaintiff,<br><br>   v.<br><br>KEITH T. KROLCZYK, QUAN VUONG, JOHN UNDERWOOD, SHELLEY ANSELMI, SCOTT LAMBERT, JOHN DEPASQUALE, UNITED STATES OF AMERICA, COUNTY OF KERN, and DOES 1 through 20 inclusive,<br><br>            Defendants. | 1: 07-CV-0340 AWI TAG<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Document #35) |

## PROCEDURAL HISTORY

On February 28, 2007, Plaintiff Kamar filed a complaint against agents employed by the Federal Bureau of Alcohol, Tobacco and Firearms ("ATF") pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") and against officers employed by the Kern County Sheriff's Department pursuant to 42 U.S.C. § 1983.  The complaint alleges Defendants searched Plaintiff's business and seized his property in violation of the Fourth Amendment.

On July 23, 2007, Defendant United States of America filed a motion to dismiss the United States of America as a Defendant.  On August 30, 2007, the court granted the motion and dismissed the United States of America from this action.

On November 23, 2007, Federal Defendants Keith Krolczyk, Quan Vuong, John Underwood, and John DePaqsquale ("Federal Defendants") filed a motion to dismiss. Federal Defendants contend that the court lacks subject matter jurisdiction over any claim brought against Federal Defendants in their official capacity. Federal Defendants contend that Plaintiff's claim against them is barred by the applicable statute of limitations. Federal Defendants contend they are entitled to qualified immunity. Federal Defendants contend that the complaint fails to show sufficient personal involvement by Defendant DePasquale to state a claim against him. Federal Defendants contend that Defendant John Underwood has not been properly served.

On February 15, 2008, Plaintiff filed an opposition. Plaintiff contends that he may proceed with a <u>Bivens</u> action against Federal Defendants in their individual capacity. Plaintiff contends that his claim is not barred by the statute of limitations because there has been a continuing violation of Plaintiff's constitutional rights. Plaintiff contends that Federal Defendants are not immune because their actions were not objectively reasonable and the complaint alleges a claim against Defendant DePasquale.

On February 25, 2008, Federal Defendants filed a reply.

## ALLEGED FACTS

The complaint alleges that on November 14, 2001, a search warrant was issued for Plaintiff's business, Sell for Less. The complaint alleges that Defendants executed the search warrant and obtained evidence pursuant to the warrant. The complaint alleges that Defendant Underwood's affidavit was the sole basis for the search warrant for the search of Sell for Less. The complaint alleges that Defendant Underwood's affidavit was purely a recitation of information about alleged criminal activity by individuals other than Plaintiff. The affidavit alleged that various persons purchased cigarettes from a tobacco warehouse in Virginia, which was being maintained by undercover ATF agents, and shipped them to California. The complaint alleges ATF surveillance never observed what happened to the cigarettes after

2

shipment to California and never observed that the cigarettes were ever delivered to, or distributed by, Sell for Less.

The complaint alleges that the investigation itself was for the distribution of cigarettes not carrying California tax stamps.   The complaint alleges that Plaintiff is a licenced cigarette distributor and distributors are the middlemen in California who put the actual stamps on the packs prior to selling them.  The complaint alleges Plaintiff was legally allowed to posses un-stamped packs.

The complaint alleges that the warrant, through an attachment, described Sell for Less at 844 Belle Terrace #5, a warehouse in Bakersfield, as the premises to be searched.   The complaint alleges that the list of items that the warrant authorized to be seized was incorporated into the warrant by another attachment.    The complaint alleges that the warrant was so broad that it allowed for the indiscriminate seizure of every document and most of the inventory at Sell for Less, including over $700,000 worth of cigarettes, $40,438.05 in cash, and a forklift.

The complaint alleges Plaintiff filed motions to suppress and demurrers to the government's criminal complaints concerning this action.  The complaint alleges that on August 25, 2004, the United States District Court ruled that the warrant was issued without probable cause and was illegally overbroad.    The complaint alleges that the government appealed this order, and finally dismissed its appeal on July 29, 2005.

The complaint alleges that relying upon unlawfully obtained documents and property during the illegal search on November 14, 2001 and other information from that search, on August 16, 2002, Plaintiff's business was searched for a second time by ATF Agents Krolczyk, Vuong, Anselmi, Lambert, and DePasquale and others to be identified, along with Kern County Sheriff's officers, identified herein as Doe Defendants.    The complaint alleges that Defendant Krolczyk's affidavit was the sole basis for the search warrant.   The complaint alleges that this affidavit was based on information acquired by the 2001 search warrant, which was ruled illegal.   The complaint alleges that this warrant was so broad that it allowed for the

indiscriminate seizure of every document and most of the inventory at Sell for Less.

The complaint alleges that the searches conducted on November 14, 2001 and August 16, 2002 caused three different arrests and prosecutions of Plaintiff:

    a.    A complaint was filed against Plaintiff in the Central District of California, based on illegally seized documents and information on April 8, 2003. This complaint was dismissed when a Federal Court determined that the November 2001 search warrant was so overbroad that a reasonable officers could not have believed in good faith that the search was valid, quashing the search warrant and suppressing all evidence obtained from the search.

    b.    A felony complaint was filed against Plaintiff in Kern County in July 2003, based on evidence illegally obtained through the above searches. This case was ultimately dismissed on or about June 26, 2006.

    c.    A felony complaint was filed against Plaintiff in Merced County on April 7, 2003, based on unlawfully seized items from the August 16, 2002 search. The Merced case was finally resolved on November 2, 2006.

The complaint alleges that Plaintiff was subjected to a continuing violation of his constitutional rights when his business was unlawfully searched on November 14, 2001 and the illegally obtained information was the basis for yet another search on August 16, 2002. The complaint alleges that those two searches lead to criminal charges being filed throughout April 2003 until June 2006, the last of which was finally resolved on November 2, 2006. The complaint alleges that this continued prosecution of Plaintiff based on the illegal search and seizure tolled the statute of limitations.

The complaint alleges that Defendant Underwood intentionally failed to include in his affidavit the crucial fact that, as a licensed distributor, Plaintiff was legally authorized to possess un-stamped cigarette packs at his business. The complaint alleges that had the Magistrate known that Plaintiff Kamar was authorized to have un-stamped cigarette packs, the Magistrate

4

would not have found probable cause to search Plaintiff's business.

The complaint alleges that acting under color of law, Agent Underwood, along with unnamed Doe Defendants, intentionally omitted important facts, concocted false statements, presented a patently defective warrant and affidavit to the federal magistrate, knowing that it lacked probable cause.   The complaint alleges that Defendant Underwood also intentionally omitted any mention of whether the shipments addressed to locations other than Sell for Less were in fact delivered to those locations.   The complaint alleges that these omissions were material to a finding of probable cause because if the cigarette shipments addressed to locations other than Sell For Less were not delivered to the addresses provided on the fictitious invoices, then the Magistrate would not have had any reason whatsoever to expect that shipments addressed to Plaintiff would be delivered to him at Sell For Less.

The complaint alleges that Defendant Krolczyk incorporated the faulty affidavit in his own affidavit for the August 16, 2002 search.   The complaint alleges that Agents Vuong, Anselmi, Lambert and DePasquale could never in good faith have had a reasonable belief that they were legally conducting the August 2002 search based on a warrant so defective.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted".   Fed.R.Civ.Pro. 12(b)(6).   A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).   In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, – U.S. – , 127 S.Ct. 1955, 1974 (2007); Weber v. Department of Veterans Affairs, 512 F.3d 1178, 1181 (9th Cir. 2008). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1964-65. Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 1965 n. 3. Thus, a Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to nudge his or her claims "across the line from conceivable to plausible." Id. at 1974.

**DISCUSSION**

Plaintiff brings this civil rights action against Federal Defendants pursuant to Bivens. In Bivens the Supreme Court established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. The Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action for damages, despite the absence of any federal statute creating liability. Bivens, 403 U.S. at 389.

**A. Personal Capacity v. Official Capacity**

Federal Defendants contend that the court lacks subject matter jurisdiction to entertain a Bivens claim for monetary damages against Federal Defendants sued in their official capacities. Under the doctrine of sovereign immunity, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. FDIC v. Meyer, 510 U.S. 471, 486 (1994); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995). In the opposition, Plaintiff concedes that Bivens does not allow official capacity suits against Federal Defendants. Plaintiff maintains that he is proceeding with his claims against Federal Defendants in their individual capacity only. Thus,

to the extent the complaint alleges in claims against Federal Defendants in their official capacity, such claims are barred by the doctrine of sovereign immunity and will be dismissed. See Gilbert v. DaCrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).[1]

**B. Statute of Limitations**

Federal Defendants contend that this action is barred by the statute of limitations. "A Bivens claim accrues when the plaintiff knows or has reason to know of the injury." W. Ctr. for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000). Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for a Bivens claim. Pesnell v. Arsenault, 490 F.3d 1158, 1163-64 (9th Cir. 2007). Bivens claims arising in 2001 and 2002 are subject to the one-year personal injury statute of limitations previously codified in California Code of Civil Procedure § 340(3). See Matthews v. Macanas, 990 F.2d 467, 469 (9th Cir. 1993).[2] Tolling provisions for Bivens claims are also borrowed from the forum state. Papa v. United States, 281 F.3d 1004, 1009 (9th Cir. 2002).

---

[1] When a Section 1983 complaint is ambiguous as to the capacity in which an official is being sued the court presumes that he is being sued in his personal capacity. See, e.g., Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir.1999) (noting court "presume[s] that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued"); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir.1994) (stating "[w]here state officials are named in a complaint which seeks damages under Section 1983, it is presumed that the officials are being sued in their individual capacities. Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred") (citation omitted).

[2] On January 1, 2003, California's statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983 changed from one-year to two-years. Cal.Civ.Proc.Code § 335.1. The statute is not retroactive. Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004) (holding that under California law, the extension of the personal injury statute of limitations will not apply to claims already time-barred). But see Cal.Civ.Proc.Code § 335.1, statutory notes (c) & (d) (indicating that claims not already barred on September 10, 2002 would benefit from the extended statute of limitations). New Code of Civil Procedure § 335.1 does not apply retroactively to save a personal injury claim that was already barred by the previously applicable personal injury statute (former Code Civ. Proc § 340(3)) at the time of the enactment of section 335.1 in 2002. Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 1256, 1271 n.15 (2006); Andonagui v. May Dept. Stores Co., 128 Cal.App.4th 435, 439-41 (2005); Krupnick v. Duke Energy Morro Bay, L.L.C., 115 Cal.App.4th 1026, 1028-30 (2004).
In this action, whether a one-year or two year statute of limitations applies is not dispositive. The dispositive factor is the date upon which Plaintiff's claims accrued.

The parties agree that the underlying events in this action occurred more than four years before this action was filed. As such, Federal Defendants contend the court must dismiss this action as time barred. Plaintiff contends that while the unlawful search and seizure occurred outside the statute of limitations, the Federal Defendants' unconstitutional action continued during the entire time the cigarettes were in Federal Defendants' possession. Plaintiff appears to argue his statute did not begin to run until May 11, 2007, when the court ordered the cigarettes destroyed because they had been rendered un-sellable. In the alternative, Plaintiff contends that he is entitled to equitable tolling.

***1. Continuing Wrong Doctrine***

Plaintiff contends that under the continuing wrong doctrine, Federal Defendant's alleged illegal conduct began at the time of the search and continued during the entire time Plaintiff's properly was seized. The continuing wrong doctrine involves "'repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices.'" Nesovic v. United States, 71 F.3d 776, 778 (9th Cir. 1995) (quoting Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 592, 597 (9th Cir. 1990)). However, "the statute of limitations runs separately from *each* discrete act," RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1061 (9th 2002) (emphasis added), and "'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges'". Id. (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 133, 122 S.Ct. 2061 (2002)); see also Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003) (Morgan applies to Section 1983 claims). Mere continuing *impact* from past violations is not actionable. RK Ventures, Inc., 307 F.3d at 1061; Knox v. Davis, 260 F.3d 1009, 1013 (9th 2001) (emphasis added).

In Knox, the Ninth Circuit refused to find a continuing violation where a prison lawyer who had previously been suspended from legal mail and visitation privileges continued to be denied these privileges. The Ninth Circuit found that the "CDC's subsequent and repeated

8

denials of Knox's privileges with her clients is merely the continuing effect of the original suspension." Knox, 260 F .3d at 1013.   Similarity, in Wilmshurst v. Lockyer, 2006 WL 1409444 (E.D.Cal. 2006), a case relied on by Plaintiff, the plaintiff alleged various defendants violated his civil rights by filing a state civil action against him in state court. Id. at *1.   The statute of limitations had expired if the cause of action accrued when the state action was filed, but not if the entire state action was viewed as a continuing violation.   A Magistrate Judge for the Eastern District of California found that, as in Knox, any subsequent actions taken by the defendants was based on or as part of the initial lawsuit, and as such, they were merely the continuing effect of the original act. Id. at *3.

In this action, the alleged Fourth Amendment violations occurred when Federal Defendants seized Plaintiff's property in 2001 and 2002.   Plaintiff has cited no authority that Federal Defendants' retention of Plaintiff's seized property constitutes an additional unconstitutional act that would give rise to a separate constitutional violation.   Rather, Plaintiff is alleging that the original unconstitutional seizure occurred partially within the limitations period because Defendants still retained the cigarettes within the limitations period.   Based on Plaintiff's allegations, the court finds that Plaintiff is basing this action on the impact or effect of the alleged unconstitutional seizure.   Such a theory does not meet the "continuing violation" standard.   Thus, this action is subject to dismissal for a violation of the statute of limitations.

*2. Equitable Tolling*

Plaintiff contends that dismissal on statute of limitations grounds is not appropriate because he is entitled to equitable tolling.   Equitable tolling can "be used to stop a limitations period from continuing to run after it has already begun to run." Socop-Gonzalez v. Immigration and Naturalization Serv., 272 F.3d 1176, 1184 (2001) (internal quotations and citation omitted).   The court may apply equitable tolling in civil rights actions, but this doctrine is to be applied sparingly. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002) (Title VII action).   Equitable tolling may be applied when extraordinary circumstances beyond the

plaintiff's control made it impossible to file a claim on time.  Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).

Here, the complaint contains sparse facts that would show extraordinary circumstances beyond Plaintiff's control made it impossible to file his claim on time.   Because the complaint provides little information concerning the limitation period and tolling, the complaint is subject to dismissal with leave to amend to allege tolling.  See United States ex rel. Saaf v. Lehman Brothers, 123 F.3d 1307, 1308 (9th Cir. 1997) (finding district court erred by failing to allow plaintiff opportunity to amend complaint to allege equitable tolling).

**C.  Defendant DePasquale**

Federal Defendants contend that Defendant DePasquale is entitled to dismissal because the complaint fails to state a claim against him.   The complaint's allegations concerning Defendant DePasquale are minimal.    The complaint does not allege that Defendant DePasquale took any part in writing the affidavit or attachment upon which the Magistrate Judge relied when issuing the search warrant used on November 14, 2001 or August 16, 2002 at Sell for Less.   The complaint does allege that Defendant DePasquale was one of the agents who searched Plaintiff's business on August 16, 2002.    The complaint alleges that Defendant DePasquale could not have, in good faith, reasonable believed that he was legally conducting the August 16, 2002 search based on a warrant so defective.   Based on these allegations, Plaintiff contends that the complaint states a claim against Defendant DePasquale.   Plaintiff contends that pursuant to Marks v. Clarke, 102 F.3d 1012, 1029-30 (9th Cir. 1996), all officers are required to inquire into the nature of the warrant.   As such, Plaintiff argues that liberally reading the pleadings, there are sufficient facts to expose Defendant DePasquale to liability.

Bivens liability is premised on proof of direct personal responsibility.   Pellegrino v. United States, 73 F.3d 934, 936 (9th Cir. 1996).    There must be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978) (discussing civil

rights case brought under 42 U.S.C. § 1983). The Ninth Circuit has held that a person subjects another to the deprivation of a constitutional right if he does an affirmative act, participates in another's affirmative acts, or fails to perform an act which he is legally required to do that causes the deprivation of which complaint is made. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (Section 1983 case); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (Section 1983 case). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" acts which deprived him of protected rights. Leer, 844 F.2d at 634.

Officers who lead a team that executes a search warrant must read the warrant and "satisfy themselves that they understand its scope and limitations, and that it is not defective in some obvious way." Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1027 (9th Cir.), *cert. granted*, 537 U.S. 1231 (2003). Officers who participate in the search, but who are not in charge, do not need not read the warrant; they need only to inquire about "the nature, scope and details of the warrant." Marks v. Clarke, 102 F.3d 1012, 1030 (9th Cir.1997). Officers participating in a search must obtain specific information regarding what the warrant authorizes them to do. Id. There is no requirement that an officer who executes a facially valid warrant must have read the affidavit supporting the warrant.

The complaint does not allege that Defendant DePasquale had read the warrant and affidavit. However, Defendant DePasquale was required by law to at least have knowledge of the warrant's contents because an officer conducting a search must obtain specific information regarding what the warrant authorizes him to do. The complaint alleges that the warrant was so broad that it allowed for the indiscriminate seizure of every document and most of the inventory at Sell for Less. The complaint alleges that Defendant DePasquale could have never in good faith reasonable believed that he was legally conducting the August 2002 search based on the defective warrant. Given Defendant DePasquale's responsibility to know what the warrant allowed, the warrant's alleged over breath, and Defendant DePasquale's alleged knowledge that

the warrant was illegal, the complaint state a claim as to Defendant DePasquale.

Despite the fact the complaint states a claim as to Defendant DePaquale, the complaint is still subject to dismissal for the statute of limitations violation discussed above.

**D.  Defendant Underwood**

In their motion, Federal Defendants contend that Defendant Underwood has not been served with the complaint.   In the opposition, Plaintiff states that pursuant to the parties' agreement, Federal Defendants have withdrawn this claim.

**E.  Qualified Immunity**

Federal Defendants contend that they are entitled to qualified immunity.   Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Anderson v. Creighton, 483 U.S. 635, 640 (1987).   A public official is entitled to qualified immunity if the law governing the official's conduct was not clearly established, or if under clearly established law he could have reasonably believed that his conduct was lawful. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.2001).

At this time, the court finds that this action must be dismissed because it was filed outside the applicable statute of limitations.   Unless the court finds that equitable tolling allows for this action to proceed despite the violation of the statute of limitations, scarce judicial resources require that the court decline to consider the complicated question of qualified immunity until the statute of limitations issue has been resolved.

**ORDER**

Accordingly, based on the above memorandum opinion and order, the court ORDERS that:

1. Federal Defendants' motion to dismiss is GRANTED;
2. The complaint is DISMISSED with leave to amend;
3. Any amended complaint SHALL BE FILED within thirty days of this order's date

of service; and

4. Plaintiff is forewarned that failure to file an amended complaint will result in the court dismissing this action.

IT IS SO ORDERED.

**Dated:   March 12, 2008**               /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE