IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAEL ISSA KAMAR,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH T. KROLCZYK, QUAN VUONG, JOHN UNDERWOOD, SHELLEY ANSELMI, SCOTT LAMBERT, JOHN DEPASQUALE, UNITED STATES OF AMERICA, COUNTY OF KERN, and DOES 1 through 20 inclusive,<br><br>    Defendants. | 1: 07 -CV- 0340 AWI TAG<br><br>ORDER DISMISSING ACTION AS TO DEFENDANTS SHELLEY ANSELMI AND SCOTT A. LAMBERT<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO CLOSE THIS ACTION |

**BACKGROUND**

On February 28, 2007, Plaintiff Kamar filed a complaint against agents employed by the Federal Bureau of Alcohol, Tobacco and Firearms ("ATF") pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") and against officers employed by the Kern County Sheriff's Department, along with the County of Kern, pursuant to 42 U.S.C. § 1983. The complaint alleged Defendants searched Plaintiff's business and seized his property in violation of the Fourth Amendment.

On July 22, 2008, the court dismissed all Federal Defendants from this action without leave to amend. The court also dismissed Defendants Shelley Anselmi, Scott A. Lambert, and

the County of Kern ("State Defendants") with leave to amend the complaint to allege that State Defendants are "peace officers" within the meaning of Section 945.3. The court's July 22, 2008 order warned that failure to file an amended complaint could result in dismissal of this action.

On August 21, 2008, pursuant to Plaintiff's and Defendant County of Kern's stipulation, the court dismissed Defendant County of Kern.

Plaintiffs have not filed any amended complaint against Defendants Shelley Anselmi and Scott A. Lambert.

**DISCUSSION**

A review of the docket reveals that this action remains pending as to Defendants Shelley Anselmi and Scott A. Lambert. The court's order dismissing all Federal Defendants without leave to amend resolved this action as to all Federal Defendants. The court's order dismissing the Defendant County of Kern resolved this action as to Defendant County of Kern. However, the court gave Plaintiff leave to file an amended complaint as to Defendants Shelley Anselmi and Scott A. Lambert, and the parties have not stipulated to Defendants Shelley Anselmi's and Scott A. Lambert's dismissal. Thus, this action remains pending as to Defendants Shelley Anselmi and Scott A. Lambert.

While this action remains pending as to Defendants Shelley Anselmi and Scott A. Lambert, there is no complaint on file against Defendants Shelley Anselmi and Scott A. Lambert because the first amended complaint was dismissed and Plaintiff failed to file an amended complaint as to Defendants Shelley Anselmi and Scott A. Lambert as required by the court's July 22, 2008 order. A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

drastic alternatives.  In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).   "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006);  (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

       The court finds that dismissal of this action for Plaintiff's failure to comply with the court's July 22, 2008 order is appropriate.   The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.   "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).   This action has been pending for a year and a half.    Plaintiff has failed to keep an operative pleading on file.  The court cannot manage its docket if it maintains cases in which a plaintiff has failed to file an amended complaint and litigate his case.   The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding.    Thus, both the first and second factors weigh in favor of dismissal.

       Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991.  However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.  Pagtalunan, 291 F.3d at 642.   The remaining Defendants have indicated a desire to have this action dismissed based on their filing of a motion to dismiss.  The court finds

3

that any risk of prejudice to Defendants weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scare resources.   Factors that indicate whether a district court has considered alternatives include: (1) Discussing of the feasibility of less drastic sanctions and explanation why alternative sanctions would be inadequate (2) Implementing alternative methods of sanctioning before ordering dismissal (3) Warning to the plaintiff of the possibility of dismissal before actually ordering dismissal.  In re PPA, 460 F.3d at 1228-29.  "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."  In re PPA, 460 F.3d at 1229; Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001).   Here, the court's July 22, 2008 order stated that failure to file an amended complaint will result in sanctions, including this action's dismissal.  The availability of less drastic sanctions has been considered, but given that Plaintiff did not comply with the court's July 22, 2008 order and has failed to keep an operative complaint on file, the court has no other effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal.  Pagtalunan, 291 F.3d at 643.  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to file an amended complaint or comply with deadlines cannot move forward toward resolution on the merits.  Thus, [the Ninth Circuit] has recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  In re PPA,  460 F.3d at 1228.   As such, the court finds this factor has little weight in actions where the Plaintiff has been unable or unwilling to proceed.

The court finds dismissal for failure to comply with the court's order to file an amended complaint appropriate.

**ORDER**

Accordingly, the court ORDERS that:

1. This action is DISMISSED as to Defendants Shelley Anselmi and Scott A. Lambert for Plaintiff's failure to filed an amended complaint;

2. As this dismissal resolves of this action as to all remaining Defendants, The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:   September 25, 2008**              /s/ Anthony W. Ishii
                                             CHIEF UNITED STATES DISTRICT JUDGE

5